Filed 2/10/14 P. v. Maldonado CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059388 |
| v. | (Super.Ct.No. FVI011146) |
| CARLOS MALDONADO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Michael A. Smith, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Patrick E. DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Carlos Maldonado appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes

Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2012)).**1** Defendant filed a notice of appeal on August 9, 2013. We affirm.

PROCEDURAL BACKGROUND

On August 1, 2001, defendant entered a plea agreement and pled no contest to one count of first degree burglary. (§ 459.) He also admitted that he had three strike priors. (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i).) Following the denial of defendant's motion to strike his prior strike convictions, the court sentenced him on May 9, 2003, to state prison for 25 years to life.

On July 8, 2013, defendant filed an in pro. per. petition for resentencing under section 1170.126. The court denied the petition since defendant's current conviction was for a serious offense, which made him ineligible for resentencing under section 1170.126. (§ 1170.126, subd. (e)(1).)

ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying two potential arguable issues: (1) whether the denial of defendant's section 1170.126

---

**1** All further statutory references will be to the Penal Code, unless otherwise noted.

petition is an appealable order;[2] and (2) whether the trial court erred in denying defendant's petition for resentencing under section 1170.126.

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.

[2] We note that the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928 fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review defendant's appeal.